UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| GEORGE A. FOOTE, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | 1:13-cv-00336-JMS-DKL |
| | ) | |
| | ) | |
| DUSHAN ZATECKY, | ) | |
| | ) | |
| Respondent.[1] | ) | |

**Entry Discussing Petition for Writ of Habeas
Corpus and Denying Certificate of Appealability**

For the reasons explained in this Entry, the petition of George A. Foote, Jr., for a writ of habeas corpus must be denied and the action dismissed with prejudice. In addition, the court finds that a certificate of appealability should not issue.

**I. The Petition for Writ of Habeas Corpus**

**Background**

Foote is serving the executed portion of a sentence of 80 years imposed in Greene County following his convictions in August 2008 for child molesting and for incest. Utilizing the *Davis–Hatton* procedure,[2] Foote's convictions were affirmed in *Foote v. State,* No. 28A04–11-02–PC–140 (Ind.Ct.App. December 30, 2011).

---

[1] The petitioner's current custodian is substituted as respondent.

[2] The *Davis–Hatton* procedure involves a termination or suspension of a direct appeal already initiated, upon appellate counsel's motion for remand or stay, to allow a post-conviction relief petition to be pursued in the trial court. *State v. Lopez,* 676 N.E.2d 1063, 1069 (Ind.Ct.App. 1997) (*citing Hatton v. State,* 626 N.E.2d 442 (Ind. 1993), trans. denied). *See also* Ind. Appellate Rule 37(A) ("At any time after the Court on Appeal obtains jurisdiction, any party may file a motion requesting that the appeal be dismissed without prejudice or temporarily stayed and the case remanded to the trial court . . . for further proceedings. The motion must be verified and demonstrate that remand will promote judicial economy or is otherwise necessary for the administration of justice.").

A summary of the evidence, the sufficiency of which Foote does not challenge, will suffice: Foote and his wife, Karen Foote ("Karen"), had two daughters, J .F. and B.F. J.F. was born on December 20, 1990 and B.F. was born nearly a year later. In 2004, Karen traveled to Florida to attend her mother's funeral. While Karen was away, Foote forced the girls to perform several sexual acts. Other incidents, involving both girls, occurred in March 2007. *Foote,* at pp. 2-3. When authorities learned of this behavior the girls and a sibling were declared Children in Need of Services (CHINS) and placed outside the home. *Id.,* at p. 3.

In his appeal, Foote argued that his trial attorney was ineffective because he: (1) did not attempt to impeach J.F. and B.F. with their CHINS testimonies; (2) did not call certain witnesses at trial; and (3) did not address other problems or advance other defenses that Foote claims to have discussed with him. The Indiana Court of Appeals rejected these claims and affirmed the denial of post-conviction relief. The same specifications of attorney ineffectiveness and two others are asserted in Foote's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254(a).

### Applicable Law

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a)(1996).

Foote filed his habeas petition after the effective date of the Antiterrorism and Effective Death Penalty Act (AEDPA). The petition, therefore, is subject to AEDPA. *See Lindh v. Murphy,* 521 U.S. 320, 336 (1997). When a habeas petitioner's claim was adjudicated on the merits in State court proceedings "federal courts do not independently analyze the petitioner's claims; federal courts are limited to reviewing the relevant state court ruling on the claims." *Rever v. Acevedo,* 590 F.3d 533, 536 (7th Cir. 2010), Instead, in such circumstances federal habeas relief

"shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless" the adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or "(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

The Supreme Court has recently issued several rulings emphasizing the wide latitude that must be accorded to state court rulings under AEDPA review. *See, e.g. Harrington v. Richter*, 131 S. Ct. 770, 785 (2011); *Premo v. Moore*, 131 S. Ct. 733, 743 (2011); *Renico v. Lett*, 130 S. Ct. 1855, 1862-66 (2010); *Thaler v. Haynes*, 130 S. Ct. 1171, 1173-75 (2010). In particular, the Supreme Court has stressed that section 2254, as amended by the AEDPA, was meant to stop just short of imposing a complete bar to federal court relitigation of claims already rejected in state court proceedings, allowing for federal habeas relief only where there have been "extreme malfunctions in the state criminal justice systems." *Harrington*, 131 S. Ct. at 786 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). As a result, as long as "fairminded jurists could disagree" on the correctness of the state court's decision, federal habeas relief should not be granted. *Id*. Therefore, even if the federal court disagrees with the state court ruling, the federal court should not grant habeas relief unless the state court ruling was objectively unreasonable. *See id*. at 785 ("an *unreasonable* application of federal law is different from an *incorrect* application of federal law.") (quoting *Williams v. Taylor*, 120 S. Ct. 1495, 1522 (2000) (emphasis in original)).

As discussed above, a state court unreasonably applies controlling Supreme Court precedent when it "identifies the correct governing legal rule" from the Court's cases, "but

unreasonably applies it to the facts of the particular state prisoner's case." *Williams v. Taylor,* 529 U.S. 362, 407 (2000). An unreasonable application also occurs when a state court unreasonably refuses to extend a governing legal principle to a context in which it should have controlled, or "unreasonably extends a principle to a situation in which it should not have controlled." *Jones v. Basinger*, 635 F.3d 1030, 1044 (7th Cir. 2011). Only the former strain is implicated by Foote's arguments.

### Discussion

Foote's habeas claim is that he was denied the effective assistance of counsel at trial. Although "ineffective assistance of counsel is a single ground for relief no matter how many failings the lawyer may have displayed," *Peoples v. United States,* 403 F.3d 844, 848 (7th Cir. 2005), the various specifications Foote asserts must be closely and separately examined because not all were presented to the Indiana state courts.

Foote's present specifications of attorney ineffectiveness are that his trial counsel: (1) failed to have the examining physicians and character witnesses testify at trial; (2) failed to present evidence of a piece of plywood in the van; (3) failed to adequately impeach the victims with prior testimony; (4) failed to seek the trial judge's removal from the case; and (5) insufficiently challenged the DNA evidence. These latter two specifications of attorney ineffectiveness were not included in Foote's appeal. The failure to include these latter two claims in his appeal constitutes Foote's procedural default because Indiana law holds that issues not presented on direct appeal are barred by procedural default. *See Lane v. Richards,* 957 F.2d 363, 366 (7th Cir.), *cert. denied,* 113 S. Ct. 127 (1992). Foote has conceded this and has withdrawn these specifications of attorney ineffectiveness.

The court therefore proceeds to the merits, at least insofar as AEDPA permits. Claims of ineffective assistance of appellate counsel are reviewed according to the standard set out in *Strickland v. Washington,* 466 U.S. 668 (1984). *Smith v. Robbins,* 528 U.S. 259, 285 (2000). First, the petitioner must show that counsel's performance was objectively unreasonable, which in the appellate context requires the petitioner to demonstrate that counsel acted unreasonably in failing to discover and brief a merit-worthy issue. *Id.* With respect to this first prong, "[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Wiggins v. Smith,* 539 U.S. 510, 521 (2003) (quoting *Strickland,* 466 U.S. at 688. Thus, for example, "[i]t is not deficient performance to fail to raise an argument with no real chance of success." *Hough v. Anderson,* 272 F.3d 878, 898 n.8 (7th Cir. 2001); *see also Freeman v. Attorney Gen.,* 536 F.3d 1225, 1233 (11th Cir. 2008) ("A lawyer cannot be deficient for failing to raise a meritless claim . . . ."). Second, the petitioner must show prejudice, which in this context means that the petitioner must demonstrate a reasonable probability that, but for appellate counsel's failure to raise the issue, the petitioner would have prevailed in his appeal. *Id.,* at 285–86.

The foregoing outlines the straightforward features of *Strickland*'s two-prong test. In the context of the claim that Foote presents, however, the AEDPA raises the bar. "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington v. Richter*, 131 S. Ct. 770, 788 (2011) (internal and end citations omitted). When the AEDPA standard is applied to a *Strickland* claim, the following calculus emerges:

> The question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable--a substantially higher threshold. And, because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably

determine that a defendant has not satisfied that standard.

*Knowles v. Mirzayance,* 129 S. Ct. 1411, 1420 (2009)(internal citations and quotations omitted).

The Indiana Court of Appeals recognized the controlling *Strickland* standard. *Foote,* at pp. 5-6. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Wiggins v. Smith,* 539 U.S. 510, 521 (2003) (quoting *Strickland,* 466 U.S. at 688). In applying this standard, the Indiana Court of Appeals did not reach a result which was either "contrary to" or an "unreasonable application of" *Strickland*. It examined each of Foote's claims and analyzed it appropriately. It recognized that Foote principally complained of matters of trial strategy and carefully explained why those strategies were reasonable and not deficient. Foote did not establish any uncalled witnesses who could have offered exculpatory information. *Richardson v. United States,* 379 F.3d 485, 488 (7th Cir. 2004)(such an argument requires the petitioner to identify "'sufficiently precise information, that is, a comprehensive showing as to what the investigation would have produced.'")(quoting *Hardamon v. United States,* 319 F.3d 943, 951 (7th Cir. 2003)); *United States v. Farr,* 297 F.3d 651, 658–59 (7th Cir. 2002) (explaining that petitioner who claims trial counsel was deficient in failing to track down and interview witnesses must present reasonably specific information as to the nature and probable effect of information that would have been obtained). The Indiana Court of Appeals noted at length how trial counsel was familiar with the girls' testimonies at the CHINS proceeding and how a strategy other than to impeach them through that testimony was reasonable. *See Horton v. Allen*, 370 F.3d 75, 86 (1st Cir. 2004) ("The decision whether to call a particular witness is almost always strategic, requiring a balancing of the benefits and risks of the anticipated testimony.")(quoting *Lema v. United States,* 987 F.2d 48, 54 (1st Cir. 1993)). The Indiana Court of Appeals also noted that Foote had not informed counsel of the plywood in

Foote's truck. This was a finding made by the trial court and the Indiana Court of Appeals accepted it, meaning here that counsel's failure to build a defense on the plywood in the van was not deficient performance. In all these respects, the decision in *Foote*

> is consistent with, and a reasonable application of, the constitutional standard the Supreme Court articulated in *Strickland* [ ] and contains a reasonable determination of the facts in light of the evidence presented. When the state court's decision is one of severally equally plausible outcomes, § 2254(d) forecloses federal habeas corpus relief.

*Bailey v. Lemke*, 735 F.3d 945, 951 (7th Cir. 2013)(citing cases)(internal quotations omitted). Because "only a clear error in applying *Strickland's* standard would support a writ of habeas corpus," *Holman v. Gilmore,* 126 F.3d 876, 882 (7th Cir. 1997) (citations omitted), and because no such clear error--and no error at all--occurred in *Foote* and Foote is not entitled to federal habeas relief based his claim of ineffective assistance of counsel.

### Conclusion

Foote's convictions withstood challenge in the Indiana courts, and thus a presumption of constitutional regularity attaches to them. *See Farmer v. Litscher,* 303 F.3d 840, 845 (7th Cir. 2002) (citing *Parke v. Raley,* 506 U.S. 20, 29-30 (1992)); *Milone v. Camp,* 22 F.3d 693, 698-99 (7th Cir. 1994) ("Federal courts can grant habeas relief only when there is a violation of federal statutory or constitutional law"). This court has carefully reviewed the state record in light of Foote's claims and has given such consideration to those claims as the limited scope of its review in a habeas corpus proceeding permits. "As a condition for obtaining habeas corpus relief from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter,* 131

S. Ct. at 786–87. No such infirmity afflicts the decision in *Foote* and hence his petition for writ of habeas corpus must be denied.

Judgment consistent with this Entry shall now issue.

## II. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing ' 2254 proceedings, and 28 U.S.C. ' 2253(c), the court finds that Foote has failed to show that reasonable jurists would find Ait debatable whether the petition states a valid claim of the denial of a constitutional right.@ *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

IT IS SO ORDERED.

Date: 02/20/2014

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

George A. Foote, Jr.
#192104
Pendleton Correctional Facility
4490 West Reformatory Road
Pendleton, IN 46064

Electronically Registered Counsel